ERIC GRANT
United States Attorney
NIRAV K. DESAI
JASON HITT
Assistant U.S. Attorneys
Eastern District of California
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

Attorneys for Appellee
UNITED STATES OF AMERICA

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | C.A. No. 26-124 |
| ) | |
| Plaintiff-Appellant, ) | D.C. No. 2:24-CR-302-JAM |
| ) | (E.D. Cal., Sacramento) |
| v. ) | |
| ) | UNITED STATES' REPLY IN |
| JULIAN RAYMON ORTIZ, ) | RESPONSE TO APPELLEE'S |
| ) | OPPOSITION TO MOTION TO |
| Defendant-Appellee. ) | VOLUNTARILY DISMISS APPEAL |
| ) | |

**INTRODUCTION**

Although Ortiz secured the dismissal of his indictment in the

district court and the United States seeks to forgo an appeal, Ortiz

1

seeks to force this Court and the United States to litigate an appeal that could reinstate a federal drug indictment (and exposure to a ten-year mandatory minimum sentence) against him. Regardless of why Ortiz (or his counsel) invites this risk before a drop of ink has been spilled on the merits, this Court should grant the United States' motion for voluntary dismissal of this appeal because the Solicitor General has exercised his discretion to not pursue it. And Ortiz points to no persuasive basis to force this Court and the United States to expend scarce resources on an appeal that only Ortiz wants to pursue in the apparent hope of obtaining a favorable advisory opinion. This Court should grant the motion and dismiss the appeal.

## FACTUAL BACKGROUND

In November 2024, a grand jury returned an indictment charging Ortiz with one count of distribution of methamphetamine. 21 U.S.C. § 841(a)(1); CR 1. The district court appointed counsel for Ortiz under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. *See* CR 10. The court later set a trial date for January 2026. CR 21.

In October 2025, Ortiz moved to dismiss the indictment, alleging a Sixth Amendment violation of his right to counsel

2

occasioned, in his view, by the delay in payments to CJA counsel during a portion of 2025, in part due to a legislative lapse in funding and resulting government shutdown. CR 23. Over the United States' opposition, the court granted the motion to dismiss as an exercise of its supervisory powers. Ex. A to Opp'n to Mot. to Voluntarily Dismiss Appeal ("Ortiz Opp'n"), Dkt. 10. The court dismissed the indictment without prejudice but administratively stayed its order until November 21, 2025, to permit the United States to either appeal the order or file a motion for reconsideration were the shutdown to end and funding restored. Ex. A at 12.

On November 12, 2025, the President signed H.R. 5371, through which Congress restored funding and, in Section 144, restored funding for CJA attorneys. Pub. L. No. 119-37, § 144, 139 Stat. 495 (2025). In turn, the United States timely moved for reconsideration of the dismissal order. CR 31. On December 8, 2025, the district court denied the motion. Ex. C. to Ortiz Opp'n.

On January 5, 2026, the United States Attorney's Office filed a protective notice of appeal and began ordering transcripts of various hearings. CR 37, 40–42. Ortiz did not cross-appeal.

3

In March 2026, the Solicitor General declined authorization for the United States Attorney's Office to pursue an appeal. Desai Decl. ¶ 2. On March 18, the United States moved to voluntarily dismiss this appeal. Dkt. 8. Ortiz opposes dismissal. Dkt. 10.

## ARGUMENT

This Court should grant the United States' motion to voluntarily dismiss its appeal because the Solicitor General—in the exercise of discretion assigned to him—has chosen to forgo an appeal.

Under 18 U.S.C. § 3731, the United States may appeal the dismissal of an indictment. But "the United States Attorney's decision to appeal requires the concurrence of the Solicitor General of the United States." *United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008) (en banc) (addressing interlocutory appeal under § 3731). Indeed, among the duties that "are assigned to, and shall be conducted, handled, or supervised by, the Solicitor General" is the determination of "whether, and to what extent, appeals will be taken by the Government to all appellate courts[.]" 28 C.F.R. § 0.20(b); *see also* Justice Manual § 2-3.221(A)(1) (July 2018), *available at* https://www.justice.gov/jm/jm-2-3000-responsibilities-and-steps-be-

4

taken-courts-appeals-civil-and-criminal-cases# (last visited Mar. 31, 2026); *United States v. Boucher*, 905 F.3d 479, 480 (6th Cir. 2018) (observing that the right to control appeals by the United States belongs to the Solicitor General).  And the Supreme Court has observed that, "[u]nlike a private litigant who generally does not forego an appeal if he believes that he can prevail, the Solicitor General considers a variety of factors, such as the limited resources of the government and the crowded dockets of the courts, before authorizing an appeal." *United States v. Mendoza*, 464 U.S. 154, 161 (1984).  Consistent with weighing this unique set of inputs, the Department of Justice's policies contemplate the filing of a protective notice of appeal if authorization to appeal has not yet been obtained. Justice Manual § 2-3.221(A); *see also Hogg v. United States*, 428 F.2d 274, 280 (6th Cir. 1970) (rejecting contention that Solicitor General's authorization was required before filing protective notice of appeal); *accord United States v. Hill*, 19 F.3d 984, 991 n.6 (5th Cir. 1994).

Here, the Solicitor General determined that the United States will not pursue this appeal.  This decision was within his duties to determine "whether, and to what extent, appeals will be taken by the

Government to all appellate courts[.]" 28 C.F.R. § 0.20(b). This Court should respect the Solicitor General's decision and grant the motion for voluntary dismissal of this appeal.

For his part, Ortiz invokes permissive language in Rule 42(b)(2) that confers discretion to this Court regarding whether to dismiss an appeal. Ortiz Opp'n at 3; *see* Fed. R. App. P. 42(b)(2) ("An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court."). To be sure, this Court generally grants motions to voluntarily dismiss appeals "absent circumstances which demand, in the interests of justice, that [we] deny [the] motion." *See, e.g., J.M. v. Red Roof Inns, Inc.*, no. 24-7013, 2025 WL 3458624, at *1 (9th Cir. Oct. 28, 2025) (unpub.) (quoting *Creaton v. Heckler*, 781 F.2d 1430, 1431 (9th Cir. 1986)) (internal quotation marks omitted, modifications in original); *see also Creaton*, 781 F.2d at 1431 (Sneed, J., dissenting) ("Ordinarily the opposition of an appellee to an appellant's motion to dismiss his appeal faces an uphill battle.").

Ortiz invokes no interest previously suggested by this Court as a possible basis for refusing voluntary dismissal—certainly not one

announced in a criminal case where such refusal could result in the reinstatement of a dismissed indictment. For example, Ortiz's suggestion that the United States seeks to evade appellate determination of certain issues is unfounded, *see* Ortiz Opp'n at 4, where the United States promptly moved to dismiss the appeal after a determination by the Solicitor General and before any merits briefing. While this Court has said that it might have grounds to deny voluntary dismissal "[i]f it appeared that an appellant sought dismissal for the purpose of evading appellate determination of certain questions *in order to frustrate court orders in the continuing litigation,*" *United States v. State of Wash., Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978) (emphasis added), that is simply not the case here.

Similarly, the United States did not move to dismiss after oral argument or other deep investment by the parties or this Court, which might suggest manipulation. *See Suntharalinkam v. Keisler*, 506 F.3d 822, 827 (9th Cir. 2007) (en banc) (Kozinski, J., dissenting); *Creaton*, 781 F.2d at 1432 (Sneed, J., dissenting). Even then, this Court might still grant voluntary dismissal. *See Suntharalinkam*,

506 F.3d at 823 (granting motion to withdraw petition for review, conditioned on vacatur of panel opinion).

And Ortiz cites no financial burden imposed by this appeal. *See Shellman v. U.S. Lines, Inc.*, 528 F.2d 675, 677–78 (9th Cir. 1975) (granting dismissal after considering whether dismissal is unavailable where one party has incurred costs); *see also State of Wash., Dep't of Fisheries*, 573 F.2d at 1118 (noting that "to date denials of such motions have been confined to situations in which the appellee has shown financial or other injury caused by prosecution of the appeal").

Instead, Ortiz does not like that there are competing district court opinions addressing the unique facts surrounding a prior lapse in legislative funding, and he (or his counsel, really) would like a favorable advisory opinion that would not actually afford Ortiz additional relief. *See* Ortiz Opp'n at 4. And he engages in supposition about the likelihood of future funding lapses. *See* Ortiz Opp'n at 4. But this Court has not hinted that motivations like Ortiz's provide a basis to deny a motion to voluntarily dismiss an appeal, especially given the United States' role as a unique

institutional litigant and the Solicitor General's unique position to assess the pursuit or non-pursuit of government appeals. This Court should reject Ortiz's argument and dismiss this appeal.[1]

## CONCLUSION

For the foregoing reasons, the United States requests that this Court grant its motion to voluntarily dismiss its appeal.

Dated: April 1, 2026

Respectfully submitted,

ERIC GRANT
United States Attorney

/s/ Nirav K. Desai
NIRAV K. DESAI
Assistant United States Attorney

---

[1] Ortiz flags defenses he might invoke if a grand jury indicts him in the future. Ortiz Opp'n at 6. The United States does not address these here, as they are not questions that this Court needs to resolve to dispose of the motion for voluntary dismissal.

9

## CERTIFICATE OF COMPLIANCE

This response complies with the length limits permitted by Ninth Circuit Rule 27-1(1)(d) in that it does not exceed ten pages in length.

DATED:  April 1, 2026

/s/ Nirav K. Desai

NIRAV K. DESAI
Assistant United States Attorney